(Division B.   Oct. 22, 1928.)

[118 So. 434.   No. 27340.]

*Corpus Juris-Cyc References: Assault and Battery, 5CJ, section 150, p. 697, n. 42; Judgments, 34CJ, section 1497, p. 1059, n. 95; Pleading, 31Cyc, p. 212, n. 17.

*W. S. Welch* and *Ellis .B. Cooper,* for appellant.

*Collins & Collins,* for appellee.

Argued orally by *Ellis B. Cooper,* for appellant.

ETHRIDGE, P. J. E. L. Varner filed suit against H. E. Sellers, B. A. Schneider, and B. J. Blethen, alleging that H. E. Sellers is a legally appointed and legally acting policeman of the city of Laurel, or was at the time of the injury complained of, and that he executed a bond to the city of Laurel, with B. A. Schneider and B. J. Blethen as sureties thereon, in the sum of two hundred and fifty dollars, conditioned for the faithful performance of his duties as such policeman, copy of which bond is made an exhibit to the declaration. He further alleged that H. E. Sellers, on or about the 30th day of April, 1927, made an assault upon him while he (the plaintiff) was in the peaceful pursuit of his business, and not violating any ordinance of the city of laurel, traveling lawfully along the streets of said city in his Ford car, as he had a right to do; that when the said Sellers, acting in the capacity of policeman for the city, and another policeman, named Jim Owen, armed with pistols and batons and a flashlight, observed his approach, they separated, one going on one side of his car and the other on the other side of it; that just as he was passing them, Sellers willfully and recklessly and maliciously fired his pistol into his car; that when he stopped his car, the said Sellers fired another shot into the back end of it, which bullet penetrated the car and struck the plaintiff in the back, injuring him and causing him pain. It is further alleged

that other shots were fired by Sellers as the plaintiff was moving his car along the streets of Laurel; that one of the shots fired by Sellers, as aforesaid, burned and injured his wrist, one struck him in the back, inflicting a painful injury, and other shots injured and damaged his car. Wherefore plaintiff brought suit for one thousand dollars, actual and punitive damages.

B. A. Schneider and B. J. Blethen, sureties on Sellers' bond, filed a plea of the general issue, and a special plea in which they alleged that the plaintiff ought not to recover of them, or either of them, because the penalty of the bond sued on in this case is two hundred and fifty dollars; that these defendants executed only one bond, which is the bond sued on; that on May 7, 1927, one Ben Lofton, suing as here in the name of the city of Laurel for his own use, sued the defendants, as sureties, on the same bond sued on herein; that H. E. Sellers and others were sued therein; that said suit was filed in the county court in the Second district of Jones county, Miss., seeking damages for an alleged tort of the said Sellers, committed on April 2, 1927, while in the discharge of his duties as policeman, and that, at the trial of the said cause in June, judgment for the full penalty of the bond was rendered against these defendants; that these defendants appealed to the circuit court of said county, where the judgment was affirmed; that these defendants knew nothing of the said tort until the filing of the said suit; that the said Sellers is insolvent, and these defendants cannot by any process of law require him to reimburse them for any money expended by them as sureties on said bond; that said Sellers did not appeal from said judgment with a *super-sedeas* bond; that these defendants are solvent, and can by process of law be required to pay the said judgment; that the said Sellers is no longer a policeman in the city of Laurel, having resigned, or been discharged, on or about the 10th day of May, 1927. This special plea was demurred to, and the demurrer sustained.

H. E. Sellers filed a plea of the general issue and also filed a notice under the general issue that he had information that a felony had been committed in that an automobile of the value of twenty-five dollars had been stolen; that defendant being, at the time, a police officer, and believing plaintiff to be in possession of the stolen car, and therefore guilty of a felony, undertook to stop him to examine the tag, or certificate of ownership, to ascertain if the said stolen car was in plaintiff's possession and occupancy; that when plaintiff refused to obey his signal to stop, but undertook to run over defendant, it confirmed defendant's belief, and it was then that he fired his pistol in an effort to force plaintiff to stop and submit to an examination of his automobile.

The testimony showed that, on the night of the said shooting, Sellers and another policeman, by the name of Jim Owen, were on duty in the city of Laurel; that they had been down in the negro quarters of the city, had parked their car down there, and were walking back west, when they observed a Ford touring car, going east; that Sellers stepped out and flagged the said car with his flashlight; that when the driver, Varner, failed to stop the car, he (Sellers) fired a shot toward the car; that the shooting occurred on Saturday, after midnight; that the police of Laurel had notice to be on the lookout for two stolen cars, one stolen in Hattiesburg, the other stolen in Laurel.

The plaintiff testified that on the night in question, while they were traveling along a certain street in Laurel, they saw two men standing under the light at the corner of said street; that as they approached the men they observed that they were policemen, and when they were within twelve or fifteen feet of the men, the one on the right of them flashed his light on the occupants of the car; that when the car was about even with the men, Sellers fired his pistol at the car; that then he (plaintiff) threw on his brakes; that about that time Sellers fired

again, and he "cut the air;" that as he drove away several shots were fired at his car, and one of the bullets penetrated the back of the car and hit him in the back between his shoulders, cut through his clothing, and the hurt was painful; that his hand was powder burned. The plaintiff testified that he had violated no law, and that Sellers did not undertake to arrest him. He also testified as to the damage to his car by the bullets from Sellers' pistol.

The testimony of Varner is corroborated by that of Jenkins, another occupant of the car at the time of the shooting.

The defendant Sellers testified that he had information that a Ford touring car had been stolen and was expected to travel that way, headed toward Waynesboro, and that this information came through the sheriff at Collins, Miss.; that he had just stopped a Ford touring car occupied and driven by negroes, and that when this car came around the corner, going east in the direction of Waynesboro, he and Jim Owen were walking up the road meeting it; that when they were within a reasonable distance, he flagged the car; that instead of stopping, it speeded up; that he hallooed to the driver, "Stop that car," but that it kept going; that he then shot his pistol at the wheels of the car because the driver refused to stop; and that he shot at that time four shots.

There was a peremptory instruction given for the plaintiff as to liability, and the case was submitted to the jury to assess damages, and the jury returned a verdict for the plaintiff, and assessed his damages at two hundred and seventy-five dollars, which judgment was entered against H. E. Sellers, B. A. Schneider, and B. J. Blethen, with the provision, however, that the defendants Schneider and Blethen be not liable for a greater sum than two hundred and fifty dollars.

It is argued that the court erred in refusing the request of Schneider and Blethen for a directed verdict, they

having requested a peremptory instruction, which was refused. We think the court was right in refusing to direct a verdict for the said defendant sureties.

It is next assigned as error that the court erred in sustaining a demurrer to the special plea of Schneider and Blethen set out above. It will be seen from a reading of the special plea that it did not allege that the former judgment rendered in a preceding suit had been paid, either in whole or in part, by the sureties.

We do not think that the prior rendition of a judgment of liability on the official bond for the full penalty of the bond constitutes a defense to a second suit thereon. It is true that the sureties on the bond are not liable beyond the amount stipulated in the bond; but the bond so given inures to the benefit of any person injured by an unlawful conduct of the official while acting within the apparent scope of his office, or while in the discharge of the duties of his office, if he goes beyond his lawful rights and inflicts injuries. Before the sureties are entitled to plead a former judgment in bar of the second action, they must show that they have paid the said former judgment. If two or more judgments are rendered against them, each for the full amount of the penalty of the bond, they can satisfy their liability by paying the money into court and interpleading the judgment creditors, so that they can go into court and present their claim. Furthermore, if the first judgment was enrolled and paid in full, the plaintiffs could proceed to have this judgment canceled; or they could plead by motion to quash the execution issued from the latter judgment showing that the former had been paid before the rendition of the judgment, or before it became final. It might be that the first judgment had never been paid. The creditor might stop when he obtains his judgment, and never, in fact, collect it, or make any step to do so. Liability on a bond exists in favor of all persons coming within its protection, until the penalty of the bond has been paid by the sureties thereon.

It is also urged on appeal that plaintiff did not make out a case, because the bond was not formally introduced in evidence; and as the general issue was pleaded it developed upon the plaintiff to prove the liability by the introduction of the bond. We do not think this contention was available to the appellants in the present case, because the giving of the bond was admitted by the special plea, which stated that the bond, made an exhibit to the declaration, was the only bond they had signed. The plea has the effect of admitting the existence of the bond, and that the bond sued on was the correct bond. Plaintiff was not called on, therefore, to prove this admitted fact.

It follows from what we have said that the judgment must be affirmed.

*Affirmed.*